**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REGIONS BANK,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **FOUR SEASONS MEAT, INC.,** *Defendant.* | : | **NO. 23-cv-914** |

**MEMORANDUM**

**KENNEY, J.** **October 27, 2026**

Plaintiff Regions Bank (the "Plaintiff") moves for Reasonable Costs and Attorneys' Fees (the "Motion for Attorneys' Fees") (ECF No. 52), in connection with a Motion to Compel Four Seasons MK LLC's compliance with a Subpoena for production of documents (the "Motion to Compel") (ECF No. 48), pursuant to Federal Rule of Civil Procedure ("Rule") 37(a)(5)(A). The Court granted the Plaintiff's Motion to Compel (ECF No. 49). The Court further ordered that non-party Four Seasons MK LLC respond to the Motion for Attorneys' Fees by October 23, 2026, at 12:00 P.M. ECF No. 53. Having not received a proper response from Four Seasons MK LLC, the Court evaluates the Motion for Attorneys' Fees as uncontested. For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion for Attorneys' Fees (ECF No. 52). The Court awards the requested $5,602.00 in attorneys' fees.

## I. BACKGROUND

The Motion for Attorneys' Fees before the Court today comes after a six-month stretch of Plaintiff repeatedly attempting to obtain documents from Four Seasons MK LLC. ECF No. 52 at 2. Plaintiff first served a subpoena against Four Seasons MK LLC on April 24, 2026, "seeking the production of sixteen categories of documents relating to Four Seasons MK LLC's operations, ownership, relationship with Four Seasons Meat, Inc., and dealings with Salim Abdeljalil, the

personal guarantor of the judgment debtor's obligations." *Id.* at 1. The compliance deadline for this first subpoena was May 11, 2026. *Id.* Plaintiff represents that an authorized representative of Four Seasons MK LLC "repeatedly indicated that the requested documents were 'easy to produce.'" *Id.* However, Four Seasons MK LLC only produced its certificate of incorporation. *Id.*

From May 2026 through August 2026, Plaintiff "made extensive efforts to obtain compliance without Court intervention." *Id.* at 2. Plaintiff has documented its efforts, which include extending the initial compliance deadline, sending multiple demand letters after the courtesy extension expired, and offering a final extension to August 14, 2026, following the final demand letter. Four Seasons MK LLC still did not comply. *Id.*

On September 15, 2026, Plaintiff filed the Motion to Compel. ECF No. 48. Four Seasons MK LLC did not respond to this Motion. On September 30, 2026, the Court granted the uncontested Motion. ECF No. 50. In this Order, the Court required Four Seasons MK LLC to respond to the relevant subpoena within fourteen (14) days of the Order. *Id.* On October 9, 2026, Plaintiff filed the instant Motion for Attorneys' Fees, requesting $5,602.00 for 12.8 hours of legal work. ECF No. 52 at 1, 6–7. The Court ordered that Four Seasons MK LLC respond to this Motion by October 23, 2026, at 12:00 P.M. ECF No. 53. Four Seasons did not properly respond, in violation of the Court's Order. The Court now evaluates the Plaintiff's Motion for Attorneys' Fees, as the Court's deadline for filing a Response has expired.

## II. LEGAL STANDARD

When the Court grants a motion to compel, the movant may submit a petition for reasonable costs and attorneys' fees incurred in connection with the motion. Fed. R. Civ. P. 37(a)(5)(A). Indeed, "[i]f the motion is granted . . . the court ***must***, after giving an opportunity to be heard,

require the party or deponent whose conduct necessitated the motion, the party or the attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *Id.* (emphasis added). The Rule provides for an exception if: (1) "the movant filed the motion before attempting in good faith to obtain . . . discovery without court action," (2) "the opposing party's nondisclosure, response, or objection was substantially justified," or (3) "other circumstances make an award of expenses unjust." *Id.*

When responding to a Motion for Attorneys' Fees filed pursuant to Rule 37(a)(5)(A), the "non-moving party bears the burden of showing that its response or objection to the discovery was substantially justified or that other circumstances make an award unjust." *In re Atomica Design Grp., Inc.*, 591 B.R. 217, 232–33 (E.D. Pa. 2018) (citing *LightStyles, Ltd. v. Marvin Lumber & Cedar Co.*, No. CV 13-1510, 2015 WL 4078826, at *2 (M.D. Pa. July 6, 2015). The non-moving party can demonstrate that its failure to produce required discovery was substantially justified "when a reasonable person would conclude that parties could differ as to whether disclosure was required." *Id.* (citing *LightStyles*, 2015 WL 4078826, at *2); *see also Johnson v. Fed. Express Corp.*, No. CV 12-444, 2014 WL 65761, at *1 (M.D. Pa. Jan. 8, 2014). Good faith alone does not constitute substantial justification. *See LightStyles*, 2015 WL 4078826, at *5 (finding that "good faith does not constitute substantial justification" when evaluating a Motion under Rule 37(a)(5)(A) for an award of expenses including attorneys' fees) (citing *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 242 (3d Cir. 2007) (finding that bad faith is not required for the Court to impose discovery sanctions under Rule 16(f))).

## III. DISCUSSION

On September 30, 2026, the Court granted Plaintiff's Motion to Compel. ECF No. 50. Therefore, under Rule 37(a)(5)(A), the Court must require Four Seasons MK LLC to cover the

costs incurred by Plaintiff in filing the Motion to Compel unless one of the enumerated exceptions applies. *See Fieger v. Hall*, No. CV 24-2410, 2026 WL 1990439, at *3 (E.D. Pa. Jul. 9, 2026). The non-moving party, here Four Seasons MK LLC, has the burden to show why an exception applies. *See In re Atomica Design Grp.*, 591 B.R. at 232–33. Still, Four Seasons MK LLC did not file a proper response to Plaintiff's Motion for Attorneys' Fees.

The Court finds, therefore, that Four Seasons MK LLC's noncompliance was not substantially justified or otherwise unjust. Plaintiff has represented in the Unopposed Motion for Attorneys' Fees that they "made extensive good-faith efforts to obtain compliance without Court intervention." ECF No. 52 at 3; *see also Fieger*, 2026 WL 1990439, at *3 (holding that the exceptions to imposing fees under Rule 37 did not apply because the movant "made multiple good-faith attempts to resolve the discovery dispute before she sought an order to compel[.]"). These efforts included sending multiple follow-up communications, granting courtesy extensions to respond to the relevant subpoena, and offering a warning to Four Seasons MK LLC that noncompliance would lead Plaintiff to file the present Motion to Compel. ECF No. 52 at 2. Plaintiff also represents that its warning included notice that they would seek "cost-shifting fees." *Id.* at 3–4.

Furthermore, "Four Seasons MK LLC did not serve any objections to the subpoena within fourteen days of service—or at any time—and therefore waived any objections it might have raised." *Id.* at 4. Given these circumstances, and the fact that Four Seasons MK LLC only produced its certificate of organization, *see id.* at 1, it is clear that there is no "genuine dispute concerning compliance." *LightStyles*, 2015 WL 4078826, at *4 (citing *Tolerico v. Home Depot*, 205 F.R.D. 169, 175–76 (M.D. Pa. 2013) (applying Rule 37(b)(2)(C))).

Lastly, the Court finds that the sought fees are reasonable based upon the "prevailing market rates in the relevant community." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Plaintiff has provided the Court with Holland & Knight's billing rates, evidence that the "billing rates for this matter are heavily discounted from the firm's standard rates," *see* ECF No. 52 at 5, and data from Wolters Kluwer for relevant law firm rates in Philadelphia. *Id.* at 5–6; *see also Minehan v. McDowell*, No. CV 21-5314, 2023 WL 8701296, at *4 (E.D. Pa. Dec. 15, 2023), *aff'd*, No. CV 23-2737, 2024 WL 4403873 (3d Cir. Oct. 4, 2024) (using the Wolters Kluwer Real Rate Report to determine reasonable law firm rates); *Sabinsa Corp. v. HerbaKraft, Inc.*, No. CV 14-4738, 2022 WL 17446485, at *4 n.3 (D.N.J. Dec. 6, 2022) (same).

Based on the materials submitted, the Court agrees that the requested fees are reasonable. *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 726 F.3d 403, 413 (3d Cir. 2013). The requested attorneys' fees reflect 12.8 hours of legal work in connection with the Motion to Compel. ECF No. 52 at 5. The discounted rates charged for those hours fall within the median-to-third quartile range of the benchmark data. *Id.* at 6. The Partner's and Associates' rates also fall below the 2026 relevant mean rates for partners and associates in Philadelphia Litigation groups. *Id.*; *see also* ECF 52-1. Therefore, the Court finds that the requested attorneys' fees of $5,602.00 are reasonable and must be imposed under Rule 37(a)(5)(A).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion (ECF No. 52). The Court awards the requested $5,602.00 in attorneys' fees. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**