IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGIONS BANK,** *Plaintiff,* | : | **CIVIL ACTION** |
| **v.** | : | |
| **FOUR SEASONS MEAT, INC.,** *Defendant.* | : | **NO. 23-cv-914** |

**MEMORANDUM**

**KENNEY, J.** **November 3, 2026**

Plaintiff Regions Bank (the "Plaintiff") moves for the Court to hold non-party Four Seasons MK LLC in Civil Contempt (the "Motion for Contempt") (ECF No. 56), in connection with the Court's September 30, 2026 Order compelling Four Seasons MK LLC to "respond to the subpoena served upon it, without objection, within fourteen (14) days of this Order." ECF No. 50. For the reasons set forth below, the Court will **GRANT** Plaintiff's Motion for Contempt (ECF No. 56). The Court finds that Four Seasons MK LLC is held in **CIVIL CONTEMPT** of this Court's September 30, 2026 Order (ECF No. 50).

## I. DISCUSSION

When the Court finds a party or non-party to be in contempt, it means that entity has demonstrated "disregard for, or disobedience of, the orders or commands of a public authority either legislative or judicial." *United States v. Baker Funeral Home, Ltd.*, 196 F. Supp. 3d 530, 548 (E.D. Pa. 2016) (quoting *United States v. Juror No. One*, 866 F. Supp. 2d 442, 445 (E.D. Pa. 2011)). Civil contempt sanctions, which often impose a fee on the noncompliant entity, "are remedial in nature and designed to coerce compliance with a court order or to compensate the injured party." *Id.* (citing *Latrobe Steel Co. v. United Steelworkers of Am.*, 545 F.2d 1336, 1343 (3d Cir. 1976)).

For the Court to grant a Motion for Contempt, the moving party must establish: "(1) a valid court order existed, (2) the [entity] had knowledge of the order, and (3) the [entity] disobeyed the order." *Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995) (citing *Roe v. Operation Rescue*, 919 F.2d 857, 871 (3d Cir. 1990)). In the present case, the first two requirements are easily established. On September 30, 2026, the Court ordered Four Seasons MK LLC to respond to Plaintiff's outstanding subpoena within fourteen days. ECF No. 50. Plaintiff served Four Seasons MK LLC as instructed by the Court: by personal service and by sending the Order via first-class mail. ECF No. 51. For convenience, Plaintiff also emailed the Order to Four Seasons MK LLC's representative. ECF No. 56-2 at 4.

The Court must next determine whether civil contempt is proper by evaluating whether Four Seasons MK LLC disobeyed the Court's order. The Court resolves "ambiguities . . . in favor of the party charged with contempt." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994). It is clear to the Court, however, that the Court's Order to Compel, *see* ECF No. 50, was disobeyed in so far as Four Seasons MK LLC did not produce the requested documents to Plaintiff. ECF No. 56-2 at 4. Yet, under the law, contempt is not warranted if the party charged was unable to comply with the valid order. *See Baker*, 196 F. Supp. 3d at 549 (quoting *F.T.C. v. Lane Labs-USA, Inc.*, No. CV 00-3174, 2011 WL 5828518, at *2 (D.N.J. Nov. 18, 2011)).

"The burden then shifts," however, "to the alleged contemnors to show why they were unable to comply with the order." *Id.* Because Four Seasons MK LLC did not contest Plaintiff's Motion for Contempt, the Court gives credence to the facts as represented by Plaintiff. In fact, in Plaintiff's Motion for Contempt, they state that Four Seasons MK LLC's "own representative previously described the requested documents as 'easy to produce.'" ECF No. 56-2 at 4 (citing ECF No. 52). Plaintiff also points out that Four Seasons MK LLC "failed to served objections . .

. and failed to respond to the Renewed Motion to Compel despite saying that it intended to do so, and the Court expressly ordered it to respond 'without objection.'" *Id.* (quoting ECF No. 50 ¶ 2).

The Court further agrees with Plaintiff's characterization that "it has only ever asked for information to determine whether Four Seasons MK LLC has a connection to Defendant [Four Seasons Meat, Inc.] and, if so, whether the connection will reveal assets that are properly subject to execution." *Id.* at 5. This Motion for Contempt comes after a long period of Plaintiff attempting to execute an October 2023 judgment. ECF No. 29. The Court must consider what actions are available to finally and definitively ensure compliance with the Court's Order dated September 30, 2026, requiring Four Seasons MK LLC to produce the documents requested by Plaintiff to execute this Court's prior judgement. *See* ECF Nos. 29, 50.

Indeed, the Court views civil contempt and the related sanctions as "penalties designed to compel future compliance with a court order," which "are considered to be coercive and avoidable through obedience." *Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 175 (W.D. Pa. 2015) (quoting *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827 (1994)). In granting this Motion, the Court anticipates that Four Seasons MK LLC will now cooperate with Plaintiff in responding to their subpoena, so as to avoid the further consequences put into place should Four Seasons MK LLC continue to disobey the Court's Order. In accordance with the Court's purpose in finding civil contempt, Four Seasons MK LLC will have a fourteen (14) day grace period to comply with the Court's September 30, 2026 Order. ECF No. 50. Beginning and including November 18, 2026, Four Seasons MK LLC will incur a coercive fine of $25 per day for every day thereafter until Four Seasons MK LLC complies.

## II. **Conclusion**

For the foregoing reasons, the Court grants Plaintiff's Motion for Contempt. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**